**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02438-CMA

FLATIRON CAPITAL,

      Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR TRANSFER OF VENUE AND**
**GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME**
**TO RESPOND**

---

      Plaintiff, Flatiron Capital, originally filed an action against Defendant, Continental Casualty Company, in District Court, Denver County, Colorado ("the State Court Action"), asserting claims to recover unearned insurance premiums allegedly owed under a policy issued by Continental to its insured, J-Lynn, Inc. d/b/a JL Transportation (the "Insured").  Plaintiff alleges, in pertinent part, that it financed the insurance premiums paid by the Insured, and that the unearned premiums should have been remitted directly to Plaintiff rather than to the Insured's agent, US Insurance Group ("USIG").  USIG has filed for bankruptcy, which proceedings are pending in the United States Bankruptcy Court for the Eastern District of Tennessee at Chattanooga (the "Bankruptcy Court").  On October 14, 2009, Defendant filed a Notice of Removal of the

State Court Action to this Court, asserting jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1334.

Defendant contends that debtor, USIG, is a necessary party to this action and that the Bankruptcy Court's rulings could have a material impact on the funds at issue in this action.  Accordingly, pursuant to 28 U.S.C. § 1404(a) or, alternatively, 28 U.S.C. § 1412, Defendant seeks transfer of this case to the United States District Court for the Eastern District of Tennessee for ultimate referral to the Bankruptcy Court.  Defendant intends to either join USIG as a party or obtain declaratory relief that its prior payment to USIG satisfied the alleged debt to Plaintiff.  Defendant also intends to have the bankruptcy court allocate the remitted funds to pay the alleged debt.

The Court denies Defendant's Motion to Transfer because USIG is not and cannot be added as a party to this action at this time.  In light of the automatic stay on litigation against USIG pursuant to the bankruptcy proceedings, Defendant cannot join USIG as a party to this case without first obtaining permission from the bankruptcy court, by seeking relief from the automatic stay.  Alternatively, Defendant may file a claim or contested matter directly with the Bankruptcy Court.  For the foregoing reasons, this action is not ripe for transfer and Defendant's motion is DENIED.

Defendant has also moved for a four-week extension of time to respond to the complaint, to accommodate transfer of the case and the addition of USIG as a party.

Defendant's response is presently due on October 21.[1]  Plaintiff objects to the four-week extension, but will agree to a two-week extension of time.  Because Defendant's Motion to Transfer is denied, the Court sees no need for a four-week extension, but will allow two weeks.

Accordingly, Defendant's Motion for Extension of Time to Respond to Plaintiff's Complaint (Doc. #4) is GRANTED in part and DENIED in part.  Defendants shall have to and including **November 4, 2009** within which to respond to Plaintiff's' Complaint.  It is also ordered that Defendant's Motion for Transfer of Venue (Doc. # 5) is DENIED.

DATED: October 16, 2009,

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] A defendant must respond to a complaint within 5 days after the filing of a notice of removal, excluding intermediate Saturdays, Sundays, and legal holidays.  FED. R. CIV. P. 6, 81(c)(2)(C).